**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Amanbek Alikhanov

Plaintiff,

v.

Case No.: 1:26−cv−12443

Warden of the Broadview ICE Facility

Defendant.

# NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, October 9, 2026:

MINUTE entry before the Honorable Franklin U. Valderrama: The Court enters this Minute Entry in its role as emergency judge. Petitioner has filed a 28 U.S.C. § 2241 habeas corpus petition challenging his present detention in ICE custody. Respondents are ordered to respond to the habeas petition by 10/16/2026. Petitioner shall reply by 10/23/2026. Respondents shall make a preliminary filing by 10/13/2026 stating: (1) whether the Petitioner was located in the Northern District of Illinois at the time this case was filed; (2) the current status of Petitioner's immigration proceedings; and (3) Petitioner's current location and the proper Respondent based on that location. These deadlines are subject to modification by the assigned judge. The Court grants Petitioner's motion for a TRO [2]. Pursuant to the Court's authority under the All Writs Act, 28 U.S.C. 1651, the Government is ordered not to remove Petitioner from the jurisdiction of the United States and not to transfer him to any federal judicial district other than those in the States of Illinois, Indiana, or Wisconsin. A.A.R.P. v. Trump, 605 U.S. 91, 97 (2025) (per curiam) (citing 28 U.S.C. § 1651(a)) ("[T]he Government represented on the record in federal court that it reserved the right to remove detainees after midnight. We had the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve our jurisdiction over the matter."); United States v. United Mine Workers of Am., 330 U.S. 258, 293 (1947) ("The District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."). If Petitioner is already, as of the posting of this Order, located outside of Illinois, Indiana, or Wisconsin but within the United States, or is in the midst of transportation outside of those States to another State, then this bar on transfer does not require the immediate return of the Petitioner as long as Respondent intends to hold the Petitioner within the United States. Instead, the parties and the Court will address the issue after the Respondent makes the preliminary filing. The Clerk shall email a copy of this order to Tom Walsh, Chief of the Civil Division, United States Attorney's Office, Northern District of Illinois, Craig Oswald, AUSA, United States Attorney's Office, Northern District of Illinois, and Joshua Press, AUSA, United States Attorney's Office, Northern District of Illinois. This case is set for an in−person status hearing in Courtroom 1941 on 10/29/2026 at 10:00 AM. Mailed notice. (jcm)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.